# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE ANN OLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-72-MJR-PMF |
| | ) |
| FBI AGENT JAMES EDWARDS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Christine Ann Olson, proceeding *pro se*, has brought suit pursuant to 42 U.S.C. § 1983 and an array of other federal statutes, against multiple state and federal law enforcement officials and/or entities. In essence, Plaintiff contends that the Defendants have her confused with convicted felon(s) "Christie A. Olson" and "Christine R. McLaughlin," and Defendants have conspired to spread this false criminal history among local, state and federal law enforcement agencies and others, and to otherwise harass and intimidate her to the point of mental illness, thereby denying her, liberty and the pursuit of happiness without due process of law.

Before the Court is Plaintiff Olson's *pro se* motion for leave to file $350.00 with the Clerk of Court (Doc. 17). Although Olson does not elaborate on why or for what purpose she wants to deposit funds, her intent is made clear in a second motion, in which she seeks leave to amend her complaint and to pay the filing fee, rather than proceed as a pauper (Doc. 18). A review of the record reveals that Olson has already amended her complaint once (*see* Docs. 5 and 7), and that the Court denied her motions to proceed as a pauper and for service at government

1

expense (without prejudice), giving Olson an opportunity to clarify her financial status (*see* Doc. 8).

Federal Rule of Civil Procedure 15(a)(1) provides that a litigant may amend her pleadings once as a matter of course, which Olson has already done. Olson correctly notes that none of the Defendants have been served, due to the uncertainty regarding whether Olson qualified for pauper status. Therefore, there is no prejudice to the Defendants in allowing further amendment of the complaint. However, the proposed second amended complaint, like the first amended complaint currently on file, is unusually long—42 pages—to the point of being rambling and confusing. Federal Rule of Civil Procedure 8(a) specifies that a complaint must contain a "short and plain statement" of the grounds for the Court's jurisdiction and each claim, showing that the plaintiff is entitled to relief; and a demand for relief must also be included. Rule 8(d)(1) further explains: "Each allegation must be simple, concise, and direct." So-called "notice pleading" is all that is required, not the sort of "fact pleading" that Olson has submitted. Accordingly, the Court will afford Olson an opportunity to further alter her pleading.

Olson now has the financial ability to pay the $350.00 filing fee. Therefore, she will be expected to file both her Second Amended Complaint (bearing that caption), and the $350.00 filing fee. Olson will then be responsible for serving each Defendant with a summons and a copy of the Second Amended Complaint. Service must be effected in accordance with Federal Rule of Civil Procedure 4 (or waivers of service must be secured in accordance with Rule 4(d)). Failure to effect service upon any defendant may result in the dismissal of all claims against that defendant.

**IT IS THEREFORE ORDERED** that Plaintiff Olson's motions to deposit funds (Doc. 17), and her motion for leave to amend her complaint (Doc. 18) are **GRANTED**. On or

before **January 18, 2012**, Plaintiff shall file her Second Amended Complaint, and pay the $350.00 filing fee to the Clerk of Court.

**IT IS SO ORDERED.**

**DATED:  January 4, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**