**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHRISTINE ANN OLSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 11-cv-72-MJR-PMF** |
| | ) | |
| **FBI AGENT JAMES EDWARDS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Christine Ann Olson, proceeding *pro se*, has brought suit pursuant to 42 U.S.C. § 1983 and an array of other federal statutes, against multiple state and federal law enforcement officials and/or entities. In essence, Plaintiff contends that the Defendants have her confused with convicted felon(s) "Christie A. Olson" and "Christine R. McLaughlin," and Defendants have conspired to spread this false criminal history among local, state and federal law enforcement agencies and others, and to otherwise harass and intimidate her.

Before the Court are two virtually identical motions filed by Plaintiff Olson seeking an extension of time to effect service of summons and the complaint upon Defendants Federal Bureau of Investigation (FBI), FBI National Criminal Information Center (NCIC), FBI Agent James Edwards, FBI Agent John Doe, FBI Agent Jim Pappas and the Illinois Bureau of Identification (Docs. 41, 45). In a similar vein, Plaintiff moves for "delayed" service of process upon Defendants FBI Agent John Doe and FBI Agent Jim Pappas until formal discovery can be conducted regarding their true and proper identities (Doc. 69). Also before the Court is Plaintiff's motion for "alternate service" upon Defendant FBI Agent James Edwards, who no

longer works for the FBI, and whose address Plaintiff has not been able to obtain (Doc. 66).

Federal Rule of Civil Procedure 4(m) prescribes 120 days within which to effect service of summons and the complaint.  Plaintiff initiated this action by filing a complaint on January 26, 2011.  He simultaneously moved for leave to proceed as a pauper, and for the U.S. Marshal to assume the duty of effecting service upon the defendants (Docs. 2, 3).    Before the initial motions were decided, an amended complaint was filed.  In any event, on September 29, 2011, Plaintiff was denied pauper status; consequently, she was also instructed to effect service in accordance with Federal Rule of Civil Procedure 4 (Doc. 8).

The 120-day period does not commence until the Court rules on Plaintiff's motions for pauper status and service.  *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 557 n. 5 (7th Cir. 1996); *Paulk v. Department of the Air Force*, 830 F.2d 79, 83 (7th Cir. 1987).  Therefore, under Rule 4(m) service should have been accomplished on or before January 27, 2012.  However, the Court has discretion to extend the period for service to be accomplished, for good cause shown, or even if there is no showing of good cause.  *United States v. Ligas*, 549 F.3d 497, 500-501 (7th Cir. 2008); *see also Henderson v. United States*, 517 U.S. 654, 662-663 (1996).

Plaintiff Olson did not seek an extension of time until May 13, 2012 (Doc. 41), almost four months past the expiration of the 120-day period.  In response to Plaintiff's more recent motion for alternate service relative to FBI Agent James Edwards (Doc. 66), the United States[1] contends that Plaintiff is so far outside the 120-day period that the unserved defendants should simply be dismissed (Doc. 67).

---

[1] In accordance with Federal Rule of Civil Procedure 4(i)(3), because Agent Edwards appears to be sued in both his individual and official capacities, Plaintiff must serve both the United States and Agent Edwards.

Plaintiff has shown that she has made multiple good faith efforts to effect service upon all defendants, and that she recently could afford to hire the necessary process server.  At this juncture, counsel for the FBI, the NCIC, and the Illinois Bureau of Identification (as well as other defendants who are not relevant to the present motions) have appeared on behalf of those defendants. As previously noted, the United States Attorney has also entered an appearance relative to FBI Agent Edwards, although Edwards has still not been personally served. Nevertheless, proof of service has not been filed as to each of those defendants, as required by Rule 4(l).  In addition, the Illinois Bureau of Identification, the FBI, NCIC and three other defendants have filed motions to dismiss the Third Amended Complaint, citing, among other things, faulty service and the expiration of applicable statutes of limitations (Docs. 43, 47, 51).

Without offering any opinion regarding the merit of the defendants' motions to dismiss, the Court finds that Plaintiff Olson has shown good cause for not having accomplished service upon all defendants, particularly in light of her pro se status. In addition, considerations of judicial economy weigh in favor of extending the 120-day period for effecting service. Therefore, Plaintiff's motions to extend the 120-day period (Docs. 41 and 45) will be granted. During that period, Plaintiff must properly effect service upon any unserved or improperly served defendants, and/or cure any defects regarding service and proof of service.  Once the prescribed additional period of time runs out, the Court will then proceed to decide the motions to dismiss, and dismiss any defendants not properly served.

Plaintiff moves for permission to use "alternate means" for serving FBI Agent Edwards (Doc. 66), contending that service upon the United States Attorney should give Agent Edwards adequate notice.  Plaintiff falsely presumes that the United States will represent Agent Edwards in his official and individual capacities, which is not necessarily true. More importantly,

neither actual notice nor substantial compliance with Rule 4(i) is sufficient. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). Therefore, Plaintiff's motion for service upon FBI Agent James Edwards by "alternate means" (Doc. 66) must be denied.

Plaintiff Olson moves to further extend the time for serving FBI Agent John Doe and FBI Agent Jim Pappas (Doc. 69). Plaintiff seeks to learn Agent John Doe's identity (which will also necessitate amending the complaint), and to investigate whether he has properly identified Agent Pappas. Although Olson is generally capable of litigating this case without counsel, the Court cannot ignore the fact that discovering the identities and addresses of law enforcement officials can be very difficult, for obvious safety reasons. As noted in *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996), in keeping with the Court's duty to assist pro se litigants, the Court may allow a case to proceed to discovery with the expectation that the defendants will be identified through discovery. *See also Santiago v. Walls*, 599 F.3d 749, 763 (7th Cir. 2010) (pro se prisoner's situation prevented him from identifying prison officials; "We do not think the children's game of pin the tail on the donkey is a proper model for constitutional tort law.") Therefore, out of an overabundance of caution, and in the long-term interests of judicial economy, the time for identifying FBI Agent John Doe and FBI Agent Jim Pappas will be extended for a brief period of time.

Magistrate Judge Philip M. Frazier will set a scheduling conference by separate notice, which will trigger a brief period in which Plaintiff must propound discovery requests aimed at properly identifying FBI Agent John Doe and FBI Agent Jim Pappas, and learning their addresses. The scheduling conference shall not be postponed merely because there are motions to dismiss pending. If FBI Agent John Doe and FBI Agent Jim Pappas are identified, Plaintiff will have to file a motion for leave to amend the complaint, and a motion for an additional

extension of time to effect service of summons and the complaint upon those two defendants.

Again, the Court offers no opinion regarding any defense that may eventually be raised regarding

the statute of limitations.  All other discovery shall proceed in accordance with the Federal Rules

of Civil Procedure, the Local Rules of the Southern District of Illinois, and the orders and

directions of Magistrate Judge Frazier.  The Court will also proceed to rule on the various

motions to dismiss filed relative to all other defendants in accordance with the timeline set by the

Court.

        **IT IS THEREFORE ORDERED** that, for the reasons stated:

1.  Plaintiff Olson's motions to extend the period for effecting service of summons and the complaint (Docs. 41, 45) are **GRANTED**; on or before **August 27, 2012**, Plaintiff must properly effect service upon any unserved or improperly served defendants, and/or cure any defects regarding service and proof of service; no extension of this deadline will be granted, except relative to FBI Agent John Doe and FBI Agent Jim Pappas;

2.  Plaintiff Olson's motion for service upon FBI Agent James Edwards by "alternate means" (Doc. 66) is **DENIED**;

3.  Plaintiff Olson's motion for delayed service of process relative to FBI Agent John Doe and FBI Agent Jim Pappas (Doc. 69) is **GRANTED IN PART AND DENIED IN PART**, in that upon entry of a scheduling order by Magistrate Judge Philip M. Frazier, Plaintiff shall have **14 days** to propound procedurally proper discovery requests aimed solely at identifying FBI Agent John Doe and FBI Agent Jim Pappas and securing their addresses; defendants shall have **14 days** to respond to Plaintiff's discovery requests or to file any objections to the discovery requests; within **7 days** of receipt of the responses to the discovery requests, Plaintiff shall move to amend the complaint to include the true identities of FBI Agent John Doe and FBI Agent Jim Pappas, and for an additional extension of time to serve those two defendants; and

4.  Failure to meet the deadlines prescribed by this Order and to properly effect service of summons of the complaint upon each defendant will likely result in the dismissal of any defendant not properly served.

IT IS SO ORDERED.

DATED: July 12, 2012

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE