IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTINE ANN OLSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 11-cv-072-MJR-PMF |
| ) | |
| **FBI AGENT JAMES EDWARDS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

**REAGAN, District Judge:**

  Plaintiff Christine Ann Olson, proceeding pro se, has brought suit pursuant to 42 U.S.C. § 1983 and an array of other federal statutes, against multiple state and federal law enforcement officials and/or entities. In essence, Plaintiff contends that the Defendants have her confused with convicted felon(s) "Christie A. Olson" and "Christine R. McLaughlin," and Defendants have conspired to spread this false criminal history among local, state and federal law enforcement agencies and others, and to otherwise harass and intimidate her. At this juncture, the Fourth Amended Complaint (Doc. 123) controls.

  Before the Court are multiple motions related to service of summons and the complaint upon Defendant James Edwards, a retired FBI agent. In fact, Agent Edwards has not been served with process as required by Federal Rule of Civil Procedure 4(c). Plaintiff Olson appeals Magistrate Judge Philip M. Frazier's September 11, 2012, order (Doc. 136) denying Olson an extension of time to effect service of summons upon Edwards (Doc. 141). Ms. Olson also moves (again) for "alternative service" of process upon Edwards (Doc. 142). Agent Edwards, represented by the U.S. Attorney's Office, has responded in opposition to Olson's

1

motions (Doc. 144), to which Olson has filed a reply (Doc. 145). Edwards also moves to quash the summons issued relative to him, and for sanctions against Plaintiff Olson for violating the court-imposed deadline for serving Edwards (Doc. 178). Olson has responded (Doc. 180), and Edwards has filed a reply (Doc. 181).[1]

1. Relevant Procedural History

On January 26, 2011, Plaintiff Olson initiated this action against Defendant Edwards and others by filing a complaint (Doc. 1). She simultaneously moved for leave to proceed as a pauper, and for the U.S. Marshal to assume the duty of effecting service upon the defendants (Docs. 2, 3, 4). Before the initial motions were decided, an amended complaint was filed (Doc. 7). In any event, on September 29, 2011, Plaintiff was denied pauper status; accordingly, her motion pursuant to 28 U.S.C. § 1915(d) for service of summons by the U.S. Marshal was denied (Doc. 8).[2]

Olson filed her Second Amended Complaint on January 14, 2012 (Doc. 20). She subsequently secured service waivers from several defendants (*see* Docs. 22-24). On May 13, 2012, Olson filed her Third Amended Complaint (Doc. 40). She also moved to extend the service period (Doc. 41). On May 14, 2012, summonses were issued by the Clerk of Court as to multiple defendants, including Edwards (Doc. 42). On May 20, 2012, Olson again moved to extend the deadline for serving Edwards, because she had not secured a service waiver and she would not have the necessary funds to effect service until after June 1, 2012 (Doc. 45).

---

[1] Replies are not favored and should only be filed in exceptional circumstances. SDIL-LR 7.1(c). In appreciation of Plaintiff Olson's pro se status, and in the interest of a full discussion of the issues raised, the court will accept the replies filed by the parties.

[2] Olson takes exception to the Court regularly ordering the Marshal to effect service on behalf of prison inmates. However, unlike Olson, most inmates qualify as paupers and are therefore entitled to have the Marshal effect service of process on their behalf. 28 U.S.C. § 1915(d).

While Olson's motions for an extension of time to effect service were pending, the U.S. Attorney's Office entered its appearance on behalf of Defendant Edwards and two federal agencies (Doc. 50), and moved to dismiss the complaint based on, among other things, failure to timely serve Edwards (Doc. 51).[3] By Order dated July 12, 2012, the undersigned district judge granted Olson a brief extension of time to effect service upon Edwards, but denied Plaintiff's motion for "alternate service" (Doc. 71). The Court stated:

> Plaintiff's motions to extend the 120-day period (Docs. 41 and 45) will be granted. During that period, Plaintiff must properly effect service upon any unserved or improperly served defendants, and/or cure any defects regarding service and proof of service. Once the prescribed additional period of time runs out, the Court will then proceed to decide the motions to dismiss, and dismiss any defendants not properly served.
> Plaintiff moves for permission to use "alternate means" for serving FBI Agent Edwards (Doc. 66), contending that service upon the United States Attorney should give Agent Edwards adequate notice. Plaintiff falsely presumes that the United States will represent Agent Edwards in his official and individual capacities, which is not necessarily true. More importantly, neither actual notice nor substantial compliance with Rule 4(i) is sufficient. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). Therefore, Plaintiff's motion for service upon FBI Agent James Edwards by "alternate means" (Doc. 66) must be denied.

Doc. 71. The service deadline was extended to August 27, 2012, and the Court specifically warned that no extension of this deadline would be granted, except relative to FBI Agent John Doe and FBI Agent Jim Pappas (Doc. 71).

On July 17, 2012, Plaintiff Olson filed a second motion for "alternative process" upon Defendant Edwards (Doc. 84). Olson explained that she had been unable to learn Edwards'

---

[3] According to Fed.R.Civ.P. 4(i)(3), because Agent Edwards appears to be sued in both his individual and official capacities, Plaintiff must serve both the United States and Edwards. Thus, explaining why the United States was aware of, and entered, the suit against Edwards. Pursuant to Fed.R.Civ.P. 12(b)(4) and (5), insufficient process or service of process must be asserted by motion before pleading. Olson's assertions that Illinois procedural rules viewing a general appearance as a waiver of any objection to the adequacy of service do not trump the federal rules. *See Joyce v. Joyce*, 975 F.2d 379, 386 (7th Cir. 1992).

address. Citing 735 ILCS 5/2-203.1, she request service by alternate means, such as serving the U.S. Attorney, or serving Edwards via email or social media. In the alternative, Olson sought leave to conduct early discovery to learn Edwards' home address. On August 15, 2012, Olson filed an emergency motion for early discovery (Doc. 96). On August 16, 2012, Magistrate Judge Frazier denied Olson's emergency motion for early discovery, noting that the discovery period had commenced in July (Doc. 100). Judge Frazier simultaneously denied Olson's second motion for use of an alternate method of service, noting that the deadline for service had not passed (Doc. 104). Judge Frazier also suggested that Olson might look to Federal Rule of Civil Procedure $4(i)(4)^4$ to cure her service predicament (Doc. 104).

On August 23, 2012, pursuant to Federal Rule of Civil Procedure 4(i)(4), Olson filed a motion for an extension of time to serve Edwards (Doc. 114). Olson asserted that she had properly served the Attorney General on May 22, 2012, and the U.S. Attorney on May 21, 2012. On the August 27, 2012, service deadline Olson filed her Fourth Amended Complaint (Doc. 123). She also filed another motion to extend the deadline to serve Agent Edwards (Doc. 124). In response, Edwards, through the U.S. Attorney, merely reasserted that the 120-day period for service and all extensions had passed and Edwards should be dismissed (Doc. 131). Also, the U.S. Attorney, on behalf of Edwards and others, renewed the motion to dismiss (Doc. 130).

On September 11, 2012, Magistrate Judge Frazier denied Plaintiff Olson's motions to extend the service deadline relative to Agent Edwards (Doc. 136). Judge Frazier cited the previous extension of the service deadline to August 27, 2012, and this Court's

---

4 Federal Rule of Civil Procedure 4(i) pertains to serving the United States and its agencies, corporations, officers or employees. Subsection (i)(4) states that the Court must allow a party reasonable time to cure: (A) failure to serve an employee sued in his official capacity, if the U.S. Attorney or Attorney General has been served; and (B) failure to serve the United States if an employee sued individually has been served.

pronouncement that that deadline would not be amended again relative to Edwards. Ms. Olson filed a motion for reconsideration (Doc. 138), but did not await a ruling before she appealed Judge Frazier's order (Doc. 141). Olson also filed yet another motion for use of an alternate method of service (Doc. 142). She argues that the U.S. Attorney's appearance on behalf of Edwards, in effect waives personal service and any related challenge under Rule 12(b). There is still no indication that Olson has secured Edwards' address. However, the U.S. Attorney's response to Olson's motion for reconsideration states, in response to a September 11, 2012, email request for Edwards' address for service of process, "Counsel did unequivocally refuse to provide a retired FBI agent's home address to Plaintiff." Doc. 139, p. 2 n. 2. Based on the fact that the August 27, 2012, deadline for properly serving Edwards has never been extended, the U.S. Attorney's Office now argues, on Edwards' behalf, that the original summons issued relative to Edwards should be quashed and, by extension, a new summons should not be granted (Doc. 178).

2. Analysis

Normally, this Court would not consider Plaintiff Olson's appeal of Judge Frazier's order denying further extension of the August 27, 2012, deadline for serving Defendant Edwards (Doc. 141), because Judge Frazier has not ruled on Plaintiff's motion to reconsider that same ruling (Doc. 138). However, in light of the fact that Judge Frazier's ruling was based in substantial part on the deadline set by the undersigned district judge, and because time is of the essence (trial is set for July 8, 2013), this Court will proceed to decide all issues relating to the service of Defendant Edwards.

Judge Frazier's denial of Plaintiff Olson's motion for an extension of time to serve Defendant Edwards is central to all of the issues before the Court. The ruling at issue

concerns a non-dispositive matter; therefore, pursuant to Federal Rule of Civil Procedure 72(a), the magistrate judge's disposition would normally be set aside only if it is "clearly erroneous or contrary to law." *See also Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). "[T]he district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997). However, because the ruling may be dispositive of Edwards' status in the case, out of an overabundance of caution, the issue will be reviewed de novo.

Federal Rule of Civil Procedure 4(m) prescribes 120 days within which to effect service of summons and the complaint. On September 29, 2011, Plaintiff was denied pauper status, commencing the 120-day period for service. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 557 n. 5 (7th Cir. 1996); *Paulk v. Department of the Air Force*, 830 F.2d 79, 83 (7th Cir. 1987); *see also* Fed.R.Civ.P. 4(m). The Court need not specifically order Plaintiff to serve the defendants, as Plaintiff suggests. Plaintiff's motion to have the U.S. Marshal effect service reflects that she understood her obligation to effect service upon all defendants. After the Court denied that motion, Plaintiff obviously appreciated her service obligation because she immediately sought service waivers from the defendants and secured summonses from the Clerk of Court. Plaintiff's duty to effect service within 120 days was not impacted by the delay in her actually paying the $350 filing fee. Even if the time for service commenced on January 14, 2012, when Olson filed her Second Amended Complaint (Doc. 20) and paid the filing fee, the service deadline would have been May 13, 2012.

Plaintiff filed her first motion to extend the service period on May 13, 2012 (Doc. 41). Although that motion may have comported with her mistaken belief that the service deadline

was May 13, 2012, the true service deadline was January 27, 2012—120-days after the Court denied Olson pauper status. Nevertheless, the Court granted Olson an extension of time, through August 27, 2012, to effect service upon Edwards (Doc. 71). In that same order, the Court addressed Plaintiff's motion for service by an alternate method. The Court specifically referenced Rule 4(i), regarding how to serve a federal employee, and cited *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001), for the proposition that substantial compliance with Rule 4(i) is insufficient. The Court also observed that Plaintiff had not filed any proof of service and directed Olson to "properly effect service upon any unserved or improperly served defendants, and/or cure any defects regarding service and proof of service" before the August 27, 2012, deadline (Doc. 71).

Despite the explanation set forth in the Court's July 12, 2012, Order (Doc. 71), Olson's July 17, 2012, motion for alternate service upon Edward via the U.S. Attorney, email or social media (Doc. 84) makes clear that she still did not appreciate that neither actual notice nor substantial compliance with Rule 4(i) would be sufficient. *See McMasters*, 260 F.3d at 817.

On August 23, 2012, with the service deadline just four days away, Olson filed another motion to extend the service deadline (Doc. 114). At that time, Plaintiff still had not discovered Edwards' address, and she had not filed proof of service, as the Court had directed on July 12, 2012 (Doc. 71). On August 27, 2012, Olson moved to extend the deadline because she still had not learned Edwards' address (Doc. 124). Olson apparently did not even request Edwards' address from the U.S. Attorney until September 11, 2012, well after the August 27, 2012, service deadline (*see* Doc. 139, p. 2 n.2). Therefore, Olson cannot shift the blame to the U.S. Attorney.

Judge Frazier was correct to deny Olson's subsequent motions to extend the time

7

to serve Edwards (Docs. 114, 124). First, in accordance with Federal Rule of Civil Procedure 4(i)(3), because Edwards is sued in both his individual and official capacities, Olson must serve *both* the United States *and* Edwards.  Although there is no proof of service upon the United States, the United States has acknowledged that it was served (*see* Doc. 51, p. 17 n.6).  However, it is also undisputed that Edwards has never been personally served.  Again, neither actual notice nor substantial compliance with Rule 4(i) is sufficient.  *McMasters*, 260 F.3d at 817.  Olson's pro se status does not excuse her failure to comply with the procedural requirements of service.  *Id*. at 818 (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") (footnote omitted)).  "Although this may seem overly formalistic, '[t]he Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal.' " *McMasters, 260 F.3d at 818* (quoting *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996)).

Second, Judge Frazier correctly observed that Olson had already been granted a "generous" extension of time. More to the point, the Court had already granted Olson a reasonable amount of time to cure the service defect(s), as mandated by Federal Rule of Civil Procedure 4(i)(4). Olson failed to "properly effect service upon any unserved or improperly served defendants, and/or cure any defects regarding service and proof of service" by the August 27, 2012, deadline.  Olson was given more than six weeks from the date of the Court's order setting that deadline, and more than eight months after the actual 120-day deadline. *See Kurzberg v. Ashcroft*, 619 F.3d 176, 185 (2nd Cir. 2010) (the district court need not "officially determine" that service is in need of "cure;" an extension after a defect in service becomes apparent is sufficient to start the clock on the allowance of a "reasonable time" for cure); *see also Tuke*, 76

8

F.3d at 158.

Defendant Edwards was not served with summons and the complaint as required by Federal Rule of Civil Procedure 4(i). Olson also failed to cure the defects in service relative to Defendant Edwards, despite being granted an extension of time to do so. Therefore, Plaintiff Olson's appeal of Magistrate Judge Frazier's decision denying a further extension of the time to effect service upon defendant Edwards (Doc. 141) is **DENIED**, and Olson's similar motion for reconsideration (Doc. 138) is **DENIED AS MOOT**. For the reasons stated, Plaintiff Olson's September 25, 2012, motion for service of process by alternate means (Doc. 142) is also **DENIED**. Edwards' motion to quash the summons issued relative to Defendant Edwards, and for imposition of sanctions (Doc. 178) is **DENIED** in all respects.

Pursuant to Federal Rule of Civil Procedure 4(m), Defendant FBI Agent James Edwards is **DISMISSED without prejudice** because he has not been served with summons and the complaint within the prescribed 120-day period, and he was not served within the extended period prescribed by the Court to cure the defective service.

**IT IS SO ORDERED.**

**DATED: January 23, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**