IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE ANN OLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-00072-MJR-PMF |
| ) | |
| MADISON COUNTY SHERIFF ROBERT ) | |
| HERTZ, ) | |
| MADISON COUNTY DETECTIVE BRAD ) | |
| WELLS, ) | |
| MADISON COUNTY DEPUTY BRAVE, ) | |
| STATE OF ILLINOIS BUREAU OF ) | |
| IDENTIFICATION, ) | |
| FBI'S NATIONAL CRIMINAL ) | |
| INFORMATION CENTER, ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| FBI AGENT JAMES WATSON, and ) | |
| FBI AGENT JOHN DOE2 PAPPAS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Christine Olson, proceeding pro se, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983 and an array of other federal statutes, against Defendants Agent Pappas, Sheriff Hertz, Major Wells, Deputy Brave, Agent Watson, the Illinois Bureau of Identification, the FBI National Criminal Information Center (NCIC), the Federal Bureau of Investigation (FBI), and others who have been dismissed (Doc. 123).  On August 16, 2012, the "federal defendants," by and through Assistant United States Attorney Jennifer Hudson, moved to have Plaintiff submit to a mental exam pursuant to Federal Rule of Civil Procedure 35 (Doc. 103).  Magistrate Judge Philip M. Frazier denied the Rule 35 motion (Docs. 117, 118).  Defendants unsuccessfully moved for reconsideration (Docs. 120, 136).

1

Defendants are now before the Court appealing the denial of the Rule 35 exam (Doc. 147), and Plaintiff Olson has moved for sanctions against AUSA Hudson pursuant to Federal Rule of Civil Procedure 11 (Doc. 161).  By way of response, Defendants and Hudson move in accordance with Fed.R.Civ.P.12(f) to strike Olson's motion for sanctions as scandalous and impertinent (Doc. 165).

By separate order the case has dismissed all claims against all defendants, with prejudice.  Therefore, the appeal of Judge Frazier's ruling denying a Rule 35 exam is moot. Because Rule 11 sanctions may be considered even after a case is dismissed. *See Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 395-396 (1990) (Court retained jurisdiction to impose Rule 11 sanctions after action was voluntarily dismissed).  Therefore, the Court must address Olson's motion (Doc. 161).

Olson contends that AUSA Hudson willfully filed a frivolous appeal of the denial of a Rule 35 evaluation for the sole purpose of harassing Plaintiff, and in an effort to stop all discovery.  Olson further contends that false information was used in the appeal.  More specifically, Olson asserts that the diagnosis offered by psychologist Stephen Montgomery contained a "false" diagnosis, made without Plaintiff ever having been personally evaluated. Plaintiff also takes issue with other assertions made by AUSA about Plaintiff's status and the veracity of her legal claims.  From Olson's perspective, the AUSA's "main goal is to continue the conspiracy" against Plaintiff, spreading false information about her criminal history and mental status, as alleged in the complaint.

A court may impose sanctions on a party for making arguments or filing claims, motions or pleadings that are frivolous, legally unreasonable, without factual foundation or asserted for an improper purpose.  Fed.R.Civ.P. 11(b); *Fries v. Helsper,* 146 F.3d 452, 458 (7th

Cir. 1998). Without consideration of the merits of Plaintiff's complaint, a review of the materials submitted by AUSA Hudson makes clear that sanctions are not warranted and that Plaintiff's Rule 11 motion is baseless.

By Olson's own admission (Doc. 161, p. 3), Montgomery's assessment was based on his review of documentation written by her, which a legitimate basis for an opinion. The fact that Montgomery's opinion was based upon so little evidence and no actual one-on-one contact goes only to the weight that opinion should be given. Similarly, the fact that the psychologist regularly deals with prisoners does not suggest any unethical or improper behavior by AUSA Hudson. Given Plaintiff's unusual claims, and a May 2007 Illinois Department of Human Services evaluation *suggesting* a history of mental illness (but finding no current problems) (Doc. 103-1), AUSA Hudson had a reasonable legal and evidentiary basis for a Rule 35 motion. Although Olson's mental health is not strictly "at issue" in her case in relation to a claim, her mental status is still arguably relevant because it is inextricably intertwined with her claims. Olson contends that Defendants were spreading false mental health information about her. In addition, and the 2007 evaluation contains what appears to be an admission by Olson that she had some experience in her youth that pertained to her mental health.

For the reasons stated: Defendants' motion appealing the denial of the Rule 35 exam (Doc. 147) is **DENIED AS MOOT**; Plaintiff Olson's Rule 11 motion for sanctions against AUSA Hudson (Doc. 161) is **DENIED**; and Defendants' Rule 12(f) motion to strike Olson's motion for sanctions (Doc. 165) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED: January 25, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**